Appeal of **MICHIGAN LITHOGRAPH-**        Docket No. 1423.
                            **ING CO.**

Upon the evidence in this appeal, *held*, that taxpayer is entitled to depreciation on machinery in excess of that allowed by the Commissioner.

Submitted March 19, 1925; decided April 9, 1925.

*H. A. Mihills, C. P. A.*, for the taxpayer.
*Laurence Graves, Esq.*, for the Commissioner.

Before GRAUPNER, LANSDON, and LITTLETON.

This appeal is from a determination of the Commissioner of additional tax liability of the taxpayer for income and profits taxes for the years 1917, 1918, 1919, 1920, and 1921, in the amounts of $401.01, $4,689.60, $93.15, $169.71, and $794.99, respectively, and results from disallowance by the Commissioner of certain amounts which the taxpayer deducted from its gross income for the years in question for exhaustion, wear and tear, and obsolescence of machinery used in its business. From the oral and documentary evidence offered, the Board makes the following

FINDINGS OF FACT.

1. The taxpayer is a Michigan corporation with its principal place of business at Bay City, Mich., where it is engaged in the printing and lithographing trade.

2. The value of the taxpayer's depreciable property, including building, machinery, trucks, office equipment, and other assets used in its business was $66,325.42 on March 1, 1913. This value was ascertained by an appraisal made in 1914, by a competent firm of appraisal engineers, and the taxpayer and the Commissioner agree that it is correct. In arriving at the March 1, 1913, value, depreciation at the rates of 7½ per cent per annum on machinery and 4 per cent on buildings was taken.

3. Additional permanent assets were acquired by the taxpayer between the dates March 1, 1913, and December 31, 1921, and charged to its property investment account in the amount of $91,101.85, which resulted in a total investment in depreciable, permanent assets, including the appraised value of property owned on March 1, 1913, of $157,271.45.

4. The taxpayer carried a depreciation reserve on its books of account, to which it charged annual depreciation taken on its assets and deducted from its gross income in its income-tax returns for each of the years from 1913 to 1921, inclusive. The amounts taken for depreciation reduced to book value of its building and plant

equipment to $87,143.28 at December 31, 1921. During this period about 75 per cent of the machinery included in the inventory of equipment appraised in 1913 was worn out and discarded or had become obsolete as a result of progress in the arts of printing and lithographing, and much of the additional equipment consisted of a new type of high-speed offset press.

5. For each of the years from 1913 to 1921, inclusive, the taxpayer depreciated its buildings and lithographing stones at an annual average rate of approximately 4 per cent. From 1913 to 1916, inclusive, it depreciated its machinery as appraised on March 1, 1913, taking into account all additions, by applying annually a composite depreciation rate of 10 per cent, and from 1917 to 1921, inclusive, a similar rate of about 16 per cent.

6. Upon auditing the income-tax returns of the taxpayer for the years 1917 to 1921, inclusive, the Commissioner disapproved the depreciation formulae used by the taxpayer and applied the rates of 7½ per cent and 4 per cent to machinery and buildings and lithographic stones, respectively, on a straight-line basis, using the appraisal of 1913 as his point of beginning. This method of computation resulted in the determination of depreciation for income-tax purposes in the amount of $32,336.91, and for invested-capital purposes of $26,118.86, and consequently, in the disallowance of depreciation taken by the taxpayer for income-tax and invested-capital purposes in the amounts of $25,658.03 and $37,948.07, respectively. Basing his action on the results of this recomputation the Commissioner determined additional tax liability of the taxpayer for each of the years in question in the total amount of $6,148.46, and so notified the taxpayer in a deficiency letter mailed on November 11, 1924.

### DECISION.

The determination of the Commissioner is disapproved. The deficiency in tax for each of the years 1917, 1918, 1919, 1920, and 1921, should be recomputed in accordance with the following opinion. Final decision will be settled on consent or on fifteen days' notice in accordance with Rule 50.

### OPINION.

LANSDON: The only issue in this appeal is whether the Commissioner or the taxpayer has applied proper depreciation formulae to the assets, and more especially to the machinery owned and used by this taxpayer during the years 1917, 1918, 1919, 1920, and 1921. The Commissioner used the straight-line method of depreciation, and applied a rate of 7½ per cent; the taxpayer took depreciation on its machinery for the years in question at rates that approximated an annual average of 16 per cent.

In support of its contention for a higher depreciation rate the taxpayer asserts, and, in our opinion, the evidence proves, that progress in the arts of printing and lithographing rendered a considerable portion of its assets obsolete or obsolescent during the years in question, and that new high-speed presses installed in place of the discarded and obsolete machinery wear out much more rapidly than the equipment thus replaced.

The evidence adduced at the hearing and the depreciation rates established and standardized by the organized printing and lithographing trades sustain the contention of the taxpayer in part. The Board is of the opinion that the application of a uniform composite rate of 10 per cent per annum to the taxpayer's machinery account for the years in question would take care of the increased depreciation on new types of high-speed presses and of the obsolescence of machines made less useful by progress in the arts of printing and lithographing.